■ BARBARA HOFFMAN, Appellant-Respondent, v ALLAN C. SCHWARTZ et al., Respondents-Appellants. [710 NYS2d 330] —Judgment, Supreme Court, New York County (Stephen Crane, J., and a jury), entered May 21, 1999, in an action for breach of an employment contract by an attorney against the law firm that formerly employed her, insofar as appealed from, awarding plaintiff damages of $76,000 for unpaid salary, and $5,125 for the cost of secretarial services upon her stipulation, in lieu of a new trial on damages, to reduce the jury's award of $86,280 for secretarial services, unanimously modified, on the law, to reinstate the jury's verdict, and otherwise affirmed, without costs.

The trial court erred in holding that the subject contract, which provides for the employment of plaintiff and her father by defendant, unambiguously obligated defendant to provide plaintiff with secretarial services only until the death of her father. Paragraph 8 of the contract provides for plaintiff's

employment until two years after her father's death. Paragraph 9 provides that defendant would provide plaintiff and her father with private offices and secretarial help, but omits to say for how long. The omission creates an ambiguity in view of plaintiff's employment in paragraph 8 for a definite term, since employers normally provide their employees with an office and secretarial services during the term of their employment. Thus, the question of whether defendant was obligated to provide plaintiff with a secretary until her father's death, as it claims, or until two years thereafter, as plaintiff claims, should not have been decided by the trial court as a matter of law on defendant's posttrial motion, and we accordingly modify to reinstate the jury's verdict in plaintiff's favor on that issue. We have considered and rejected plaintiff's other claims, including that the trial court should have charged constructive eviction even though there was no landlord-tenant relationship between the parties. We also reject defendant's claim on its cross appeal that the award for unpaid salary should be reversed because plaintiff voluntarily terminated her employment. No basis exists for disturbing the jury's finding that it was defendant, not plaintiff, who breached the agreement. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.